## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WALID IHMOUD, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>WARDEN, Federal Correctional Institution, )<br>)<br>Respondent. ) | 1:06-cv-1823-SEB-JMS |

### Entry Discussing Petition for Writ of Habeas Corpus

Walid Ihmoud ("Ihmoud") is an inmate at the United States Penitentiary at Terre Haute, Indiana ("USPTH"), and in this action seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).

The pleadings and the expanded record in the present case show the following:

1.  Ihmoud alleges that prison authorities are improperly collecting a restitution obligation from the petitioner's pay at the prison where he is confined. Authorities are withholding his wages and other funds pursuant to the inmate financial responsibility program ("IFRP") of the Federal Bureau of Prisons. This type of challenge has been understood as a challenge to the execution of a sentence, not to the conditions of an inmate's confinement, and such a challenge is properly treated as one for habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Matheny v. Morrison,* 307 F.3d 709, 712 (8th Cir. 2002) (stating that challenges to IFRP collection mechanism concern execution of sentence and are therefore correctly framed as § 2241 claims); *McGhee v. Clark,* 166 F.3d 884, 885-87 (7th Cir. 1999) (recognizing district-court jurisdiction over claims arising from implementation of IFRP); *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998) (stating that motion seeking relief on grounds concerning execution of sentence but not validity of conviction falls under § 2241).

2.  The respondent has answered the allegations of Ihmoud's petition. Ihmoud, however, has not replied. The effect of this, pursuant to 28 U.S.C. § 2248, is that "[t]he allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true."

3. The writ Ihmoud seeks may issue if it is determined that the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Preliminarily, however, in order to present his claims for federal habeas review Ihmoud was required to have exhausted his administrative remedies with respect to the challenged disciplinary proceeding. *See Greene v. Meese,* 875 F.2d 639, 640 (7th Cir. 1989) ("[T]he requirement of exhaustion in judge made for federal [habeas corpus cases] . . . but is a requirement nonetheless.") (internal citations omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

4. The BOP has established a multi-tiered administrative remedy process through which an inmate may seek formal review of issues that relate to any aspect of his confinement. 28 C.F.R. §§ 542.10-542.19. Ordinarily, an inmate must first attempt to informally resolve the issues with a staff member. 28 C.F.R. § 542.13. If informal resolution is not successful, the inmate may file a formal written complaint addressed to the Warden. 28 C.F.R. § 542.14. If the inmate is not satisfied with the Warden's response, that response may be appealed to the Regional Director. 28 C.F.R. § 542.15. If the inmate is not satisfied with the Regional Director's response, that response may be appealed to the General Counsel. *Id.* The administrative process is exhausted when the General Counsel issues a ruling on the appeal. 28 C.F.R. 542.15.

5. Ihmoud has not exhausted his available administrative remedies with respect to his claim that the BOP is improperly demanding that his restitution obligation be met in a specific way. The expanded record shows that he did not utilize the administrative grievance process at any level with respect to the claim in this action. Ihmoud has not disputed this account and has made no effort to show that proceeding partially through the administrative process should in this (or any other) case be thought sufficient. The law is to the contrary, *see Lewis v. Washington,* 300 F.3d 829, 833-34 (7th Cir. 2002); *Smith v. Zachary,* 255 F.3d 446, 452 (7th Cir. 2001), and there is no reason why the exhaustion requirement should not be enforced. Accordingly, his petition for a writ of habeas corpus must be **denied.**

Judgment consistent with this Entry shall now issue. The dismissal shall be without prejudice.

**IT IS SO ORDERED**.

Date: 11/15/2007

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana